UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, JUDGE | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS): ORDER CLARIFYING ISSUES FOR TRIAL

## I.    INTRODUCTION AND BACKGROUND

The present action arises out of an insurance coverage dispute. On January 7, 2003, Enodis Corporation ("Enodis") formerly known as the Welbilt Corporation ("Welbilt") filed suit against Employers Insurance Company of Wausau ("Wausau") in Los Angeles County Superior Court, and the action was removed to this Court on February 5, 2003, Case No. CV 03-866 CAS (PJWx). On August 31, 2004, Enodis filed a second amended complaint against Wausau alleging claims for (1) breach of contract; (2) bad faith; and (4) unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200. Meanwhile, on January 10, 2003, Wausau filed a collection action based on breach of contract against Enodis in the United States District Court for the Middle District of Florida, which action was transferred to this Court by reason of the first-filed rule, Case No. CV 04-6446 CAS (PJWx) (hereinafter, both actions are collectively referred to as "the Wausau Actions").

On June 17, 2004, Enodis filed suit against Continental Casualty Company, and on April 20, 2005, Enodis filed an amended complaint adding Transportation Insurance Company as an additional defendant (hereinafter, Continental and Transportation are collectively referred to as "CNA"), Case No. CV 04-4357 CAS (PJWx) (the "CNA Action"). On March 20, 2005, Enodis filed a second amended complaint ("SAC") seeking a declaratory judgment and alleging claims for (1) breach of contract; (2) bad faith; and (3) unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 6 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

and common law. On March 11, 2005, CNA filed a counterclaim against Enodis seeking declaratory relief and alleging claims for account stated and unjust enrichment.

By order dated September 21, 2005, the Court consolidated the Wausau Actions and the CNA Action into Master Case No. 03-866 CAS (PJWx).

On December 19, 2007, the Court conferred with counsel regarding the pretrial conference order. Therein, the parties notified the Court that they could not agree on the issues and/or claims remaining to be tried to the jury, and requested an order clarifying the same. After reviewing the various orders that have been issued in the instant action, the Court finds and concludes as follows.

## II. DISCUSSION

### A. ENODIS' CLAIMS

#### 1. ENODIS' CLAIMS AGAINST WAUSAU

The parties to the instant action have on various occasions moved for summary judgment and/or partial summary judgment. The Court has issued the following orders pertaining to Enodis' claims against Wausau:

(1) By order dated July 15, 2004, the Court held that Enodis' claim that Wausau breach the implied covenant of good faith and fair dealing by misrepresenting facts to the bankruptcy court in Enodis Corp. v. Wausau Insurance Co. ("bankruptcy court"), is barred by the doctrines of issue and claim preclusion. July 15, 2004 Order (Docket No. 144).

(2) By orders dated July 15, 2004 and August 9, 2004, the Court concluded that Enodis may maintain a claim against Wausau for breach of the implied covenant of good faith and fair dealing based on Wausau's (a) interpretation of the term "occurrence" in the reimbursement endorsement provision of the Wausau policy; (b) failure to provide independent counsel to Consolidated in Salah, et al. v. Consolidated Industries Corp., et al. (the "Salah action");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

and (c) improper settlement of the Salah action. July 15, 2004 Order (Docket No. 144); August 9, 2004 Order (Docket No. 151).

(3) By order dated July 7, 2006, the Court concluded that Enodis is not entitled to recover: (a) the $52 million for which it was adjudged liable in the action commenced against it by Consolidated in the bankruptcy court (the "Indiana Avoidance Action"), or the $14 million in costs incurred in defense thereof; (b) damages based on Wausau's failure to participate in a "channeling injunction" bankruptcy settlement; or (c) damages based on allegations that Wausau caused Consolidated to file its petition for bankruptcy. July 7, 2006 Order (Docket No. 387). Consistent with these findings, the Court later granted Wausau's motion to exclude evidence of Enodis' "alter ego" damages and "channeling injunction" claim at trial. December 18, 2006 Order (Docket No. 492).

(4) By order dated March 12, 2007, the Court held that Enodis may not predicate its claim for breach of the implied covenant of good faith and fair dealing on (a) Wausau's decision to seek reimbursement from Enodis after settling with the Salah action plaintiffs, and its practices in doing so. March 12, 2007 Order (Docket No. 513). However, the Court held that Enodis may predicate its claim for breach of the implied covenant of good faith and fair dealing on allegations that Wausau (a) failed to inform Enodis or Consolidated of their right to independent counsel at the expense of the insurer; (b) acted in its own self-interest and preferred its own interest over that of the insured; and (c) failed to seek a settlement that dismissed all of the claims against all of the insureds. Id. The Court further held that Enodis may maintain a breach of contract claim against Wausau for drawing down on a $500,000 letter of credit that had been posted by Enodis. Id.

In light of the foregoing, the Court concludes that Enodis' only remaining claims against Wausau are for breach of contract (1) arising out of Wausau's allegedly wrongful drawing down on the $500,000 letter of credit and (2) for attorneys' fees and costs incurred by Enodis (a) in KB Home v. Consolidated Industries Corp., et al. (the "KB Home action"), Trane v. Welbilt (the "Trane action"), and Pearce v. Welbilt (the "Pearce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

action") or (b) in prosecuting declaratory relief actions against Amana Refrigeration, Inc. ("Amana"), KB Home, and Trane in Delaware, to the extent that Enodis claims that Wausau is liable for the same.

However, Enodis may not maintain any claims based on (1) Wausau's handling of the settlement of the Salah action; (2) Wausau's alleged failure to provide a proper defense to the claims first asserted by the Salah plaintiffs; (3) Wausau's failure to seek a settlement dismissing all claims against all of its insureds; (4) Wausau's failure to inform Enodis of its right to obtain independent counsel; or (5) Wausau's alleged acting in its own self interest. Claims based on these allegations are barred because the Court has previously held that the damages that Enodis contends flow from the aforementioned allegedly wrongful conduct, i.e., costs associated with Wausau's failure to seek a channeling injunction and liability and costs associated with the Indiana Avoidance Action, are not recoverable either because a channeling injunction would not have insulated Enodis from further liability, or because the Indiana Avoidance Action was not a foreseeable consequence of the alleged breach of the implied covenant of good faith and fair dealing.

### 2. ENODIS' CLAIMS AGAINST CNA

The Court has issued the following orders pertaining to Enodis' claims against CNA:

(1) By order dated October 5, 2004, the Court held that there is a genuine issue of material fact regarding whether the damages underlying the Salah action resulted from a single occurrence or multiple occurrences. October 5, 2004 Order (Docket No. 167).

(2) By order dated August 21, 2006, the Court concluded that CNA's settlement of the Salah action only gives rise to a claim for recovery of contract damages. August 21, 2006 Order (Docket No. 442). The Court therefore held that Enodis cannot recover punitive damages or other damages recoverable in tort. Id. The Court further held that Enodis cannot recover, as "consequential" damages, the damages and other costs Enodis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

incurred in defending itself in the Indiana Avoidance Action. August 21, 2006 Order (Docket No. 442). However, the Court found that Enodis may maintain a claim against CNA for its alleged wrongful conduct in settling the Salah action, to the extent that Enodis is able to prove damages resulting from CNA's alleged improper payment of legal fees to Trane's counsel to prosecute a claim by Trane against Enodis. Id.

(3) By order dated September 27, 2006, the Court held that under Jonathan Neil & Associates, Inc. v. Jones, 33 Cal. 4th 917 (2004), Enodis may not predicate its claim for breach of the implied covenant of good faith and fair dealing on CNA's request for reimbursement of attorneys' fees paid to Trane's counsel in the Salah action. September 27, 2006 Order (Docket No. 454).

(4) By order dated June 18, 2007, the Court found that Enodis is not entitled to (a) recover attorneys' fees incurred by it in Shea v. Consolidated Industries, et al. (the "Shea action"), Shappel v. Consolidated Industries, et al. (the "Shappel action"), and Stefanshyn v. Consolidated Industries, et al. (the "Stefanshyn action"); (b) recover the settlement payment it made in the Trane action, because it was a "voluntary payment"; or (c) indemnity for Enodis' potential future payments for damages or settlement that may arise from the Stefanshyn action so long as Enodis is not a party to the action. June 18, 2007 Order (Docket No. 544).

(5) By order dated November 19, 2007, the Court concluded that Enodis may seek to recover attorneys' fees and costs incurred by Enodis in the Trane, KB Home, and Pearce actions and for filing declaratory relief actions against Amana, KB Home and Trane. November 19, 2007 Order (Docket No. 589).

Based on the foregoing, the Court concludes that Enodis' only remaining claims against CNA are for attorneys' fees and costs incurred by Enodis in the Trane, KB Home and Pearce actions and in prosecuting declaratory relief actions against Amana, KB Home and Trane in Delaware.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | Master Case No. CV 03-866 CAS (PJWx); Consolidated with: CV04-4357-CAS(PJWx); and CV04-6446-CAS(PJWx) | Date | January 31, 2008 |
|---|---|---|---|
| Title | Enodis Corporation v. Employers Insurance of Wausau, et al. | | |

### B. WAUSAU'S CLAIMS AND CNA'S COUNTERCLAIMS AGAINST ENODIS

The Court has not issued any orders disposing of any of Wausau's claims or CNA's counterclaims against Enodis.

## III. CONCLUSION

Based on the foregoing, the Court concludes that Enodis' only remaining claims against Wausau are for breach of contract (1) arising out of Wausau's allegedly wrongful drawing down on the $500,000 letter of credit and (2) for attorneys' fees and costs incurred by Enodis (a) in the KB Home, Trane, and Pearce actions or (b) in prosecuting declaratory relief actions against Amana, KB Home, and Trane in Delaware, to the extent that Enodis claims that Wausau is liable for the same. The Court further finds that Enodis' only remaining claims against CNA are for attorneys' fees and costs incurred by Enodis (1) in the Trane, KB Home and Pearce actions and (2) in prosecuting declaratory relief actions against Amana, KB Home and Trane in Delaware.

Moreover, Wausau's claim against Enodis for breach of contract for failure to pay amounts owed under the reimbursement endorsement of the Wausau policy remains. Finally, CNA's counterclaims against Enodis for (1) declaratory relief; (2) account stated; and (3) unjust enrichment also remain.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |